IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JUN 2 3 2017
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| PATRICIA O'NEIL,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CV 16–14–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on February 17, 2017, recommending that the Commissioner's decision be affirmed. Plaintiff Patricia O'Neil ("O'Neil") timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which she objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the facts

-1-

of this case they will only be included here as necessary to explain the Court's order.

O'Neil brings this action challenging the decision of the Commissioner of Social Security denying her application for disability insurance benefits. O'Neil's claim stems from her allegations of disability beginning in August 2005 including chemical sensitivity, asthma, allergies and chronic fatigue. After an administrative hearing, an administrative law judge ("ALJ") found that O'Neil was not disabled within the meaning of the Act. Judge Lynch recommends that the Commissioner's decision be affirmed.

O'Neil first objects to Judge Lynch's findings, arguing that he misapplied her treating physicians' opinions that were also improperly discounted by the ALJ. For support, O'Neil relies on *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). In *Garrison*, the Ninth Circuit found that an ALJ errs when he does not set forth specific, legitimate reasons for crediting one medical opinion over another, assigns it little weight without explanation, or does nothing more than ignores it without explanation. *Id.* at 1012–1013. This is the same argument O'Neil presented to Judge Lynch. After reviewing the medical records and opinions from Dr. White and Dr. Kurtz, and giving those physicians' opinions more weight as treating physicians than a reviewing physician, this Court finds that Judge Lynch

did not err in determining that their opinions were insufficient to establish that O'Neil was disabled and entitled to disability benefits. Judge Lynch offered specific, clear, and convincing reasons for discrediting the opinions of Dr. White and Dr. Kurtz. Judge Lynch referenced a specific physical examination by Dr. White where she found that O'Neil showed a normal physical examination (Doc. 35 at 8), and noted that Dr. Kurtz only examined O'Neil a single time (Doc. 35 at 9–10). Thus, this Court agrees that the ALJ appropriately diminished the weight given to these physicians' opinions on O'Neil's disability based on their treatment notes and minimal examinations of O'Neil during the relevant time period.

O'Neil also objects to Judge Lynch's finding that the ALJ permissibly rejected her testimony. If the ALJ finds that a claimant has shown objective medical evidence of impairment reasonably expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding severity of symptoms by offering specific, clear and convincing reasons for doing so. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "An ALJ may consider a range of factors in assessing credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations and quotations omitted). The ALJ properly compared O'Neil's testimony to her physical examinations and found that the medical records did not corroborate her testimony. Further, O'Neil explained that she grocery shopped about once a week, visited her aunt once a month, visited Glacier National Park every few months, and cleaned her house, which the ALJ appropriately determined were activities inconsistent with debilitating fatigue. Thus, Judge Lynch accurately found that the ALJ provided clear and convincing reasons for concluding that O'Neil's testimony was only partially believable.

Lastly, O'Neil objects to Judge Lynch's finding that the witness testimony and statements were properly given little weight by the ALJ. O'Neil contends that the ALJ "cherry-picked" certain findings that conflicted with the record in its entirety and further failed to give credence to the testimony of the lay witnesses (Doc. 36 at 4.) Again, this argument was raised before Judge Lynch. Moreover, this Court finds that the ALJ properly considered the statements of both of O'Neil's aunts, but that those statements were outweighed by the medical evidence which showed O'Neil was not disabled within the meaning of the Act.

There being no clear error in Judge Lynch's remaining Findings and Recommendations,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 35) are ADOPTED IN FULL. The Commissioner's decision is AFFIRMED.

DATED this 23rd day of June, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court